IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60006
Summary Calendar
_____

VICTOR HURNS,

Plaintiff-Appellant,

versus

BARRY PARKER; LIEUTENANT SEGAR,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:97-CV-61-S-D
- - - - - - - - - -
December 2, 1998
Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Victor Hurns, Mississippi prisoner # 09848, appeals the
district court's dismissal of his 42 U.S.C. § 1983 action as
frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), against Unit
Warden Barry Parker and Lieutenant Segar, alleging that they
violated his constitutional rights to due process and equal
protection by arbitrarily labeling him a "gang-leader" and
removing him from the general population and placing him in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

administrative segregation pending investigation of an assault on other inmates in his unit.

Hurns argues on appeal that the district court erred in dismissing his complaint as frivolous based on Sandin v. Conner, 515 U.S. 472 (1995).  He contends that he repeatedly alleged that the defendants deprived him of his First, Fifth, and Eighth Amendment rights and that the defendants actions were arbitrary. He argues that Sandin still allows prisoners to allege and bring actions regarding arbitrary actions of prison officials and claims under the First, Eighth, and Fourteenth Amendments.  He contends that the district court made no reference to these claims.  He also distinguishes Sandin based on the length of time in administrative segregation, 30 days versus three years.  He argues that his confinement in administrative segregation imposed atypical and significant hardships on him.  He contends that the district court did not develop the record with regard to comparing the conditions of his confinement in administrative segregation with the conditions of the general population.

"[A]dministrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest."  Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); see also Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996)(absent extraordinary circumstances, continued confinement in administrative segregation, being an incident to the ordinary

life as a prisoner, will never be a ground for a constitutional claim).

Phillips v. Puckett, No. 96-60372 (5th Cir. Dec. 6, 1996) (unpublished), cited by Hurns, is distinguishable. Hurns has not alleged that he has not received reviews of his custody classification, and the record shows that he was reviewed on January 10, 1997, just a few months before he filed this lawsuit.

The limitations on privileges in close custody as compared with the general population do not impose atypical and significant hardships as contemplated by Sandin.

Hurns' claims under the First and Eighth Amendments and the Equal Protection Clause, made in his original complaint and his brief in support of his § 1983 claim, were not realleged at his Spears hearing. His claim as he articulated it at his Spears hearing was limited to Parker's and Segar's actions in placing him in administrative segregation pending investigation of the assault on the other inmates based on his alleged status as gang leader. Hurns did not mention a violation of equal protection, or of his right of association, or cruel and unusual punishment at the Spears hearing. Therefore, these claims were not properly before the district court. See Riley v. Collins, 828 F.2d 306, 307 (5th Cir. 1987) (allegations at Spears hearing supersede allegations of complaint).

Hurns' appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. See 5th Cir. R. 42.2. We caution Hurns that any additional frivolous appeals

filed by him or on his behalf will invite the imposition of sanctions.  To avoid sanctions, Hurns is cautioned further to review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED AS FRIVOLOUS.